**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **STEVEN D. FODGE, INDIVIDUALLY,** **JOSEPH E. CAREY, INDIVIDUALLY,** **JON ADRIAN TOKAY, INDIVIDUALLY,** **PAMELA RHEA JEFFCOAT,** **INDIVIDUALLY,** **ANDREW J. KALTENMARK,** **INDIVIDUALLY,** **LANCE K. INOVEJAS AND DEBORAH A.** **INOVEJAS, INDIVIDUALLY** **AND AS REPRESENTATIVES ON** **BEHALF OF ALL SIMILARLY SITUATED** **PERSONS** | **CIVIL ACTION NO. _____** **JURY TRIAL DEMANDED** |
| **Plaintiffs** | |
| **V.** | |
| **TRUSTMARK NATIONAL BANK,** **OCWEN LOAN SERVICING, LLC,** **BARKSDALE FEDERAL CREDIT UNION,** **PENNYMAC LOAN SERVICES, LLC,** **BANK OF AMERICA, N.A., AND** **PHH MORTGAGE CORPORATION** | |
| **Defendants** | |

**ORIGINAL CLASS ACTION COMPLAINT**

PLAINTIFFS, Individually and on behalf of the Class described below ("the Class"), bring this Louisiana-wide Class Action suit against Defendants Trustmark National Bank ("TRUSTMARK"), OCWEN Loan Servicing, LLC. ("OCWEN"), Barksdale Federal Credit Union. ("BFCU"), Pennymac Loan Services, LLC. ("PENNYMAC"), BANK OF AMERICA, N.A. ("BANA"), and PHH Mortgage Corporation (PHH), and upon information and belief, allege the following:

**GENERAL NATURE OF THE CASE**

1.      For servicemembers of America's armed forces, the Servicemembers Civil Relief Act ("SCRA") provides protectionary measures against a default judgment that may only be

waived through a valid waiver. 50 U.S.C. §3931. "Judgment", as defined in the SCRA, includes "any judgment, decree, order, or ruling, final or temporary." 50 U.S.C. §3911(9). Section 521 of the SCRA (50 U.S.C. §3931) applies to any civil action or proceeding in which the defendant does not make an appearance, including *ex parte* proceedings. In any such action, prior to entering judgment against a servicemember-defendant, the plaintiff must file an affidavit stating whether the defendant is in military service, or a statement that plaintiff is unable to determine whether the defendant is in military service. Additionally, if the affidavit indicates the defendant is on active military duty, the court must appoint an attorney to represent the servicemember-defendant. Finally, if the defendant is determined to be in military service, the court must grant a stay of proceedings for a minimum of 90 days to enable the appointed counsel an opportunity to contact the servicemember-defendant and ascertain if there are defenses to the action.  If the appointed attorney cannot contact the servicemember-defendant, the appointed attorney may not waive any defenses the servicemember-defendant may have.  If a plaintiff fails to follow these statutory procedures or obtain a valid waiver of these rights from the servicemember-defendant, the servicemember's SRCA rights are violated and the judgment is subject to attack.  If property foreclosed upon has been sold to a *bona fide* third party, it cannot be recovered and the sole remedy for the servicemember is an action for damages against the mortgagee.

2.    A servicemember may validly waive his or her rights under the SCRA pursuant to 50 U.S.C. §3918.  However, to do so for any obligation entered on or after December 10, 2004, the servicemember must execute a written waiver **that is separate from the instrument creating the obligation**. The waiver must be executed during or after the servicemember's military service and must specify the instrument to which the waiver applies. Without a valid waiver – i.e., a written waiver that is separate from the instrument creating the obligation – a

servicemember retains the SCRA protections against the entry of default judgments, except for those entered in strict compliance with the provisions of 50 U.S.C. §3931 by those parties seeking a judgment.

3.    Under Louisiana property law, a mortgagee may use executory process to foreclose on a mortgagor's property in the event of a default, but only if the mortgage or other instrument creating the obligation contains a confession of judgment clause. Pursuant to Louisiana Code of Civil Procedure articles 2631 and 2632, foreclosure via executory process requires that a mortgagor "confess judgment" - meaning agree that the mortgagee may utilize an expedited foreclosure procedure upon default - within the mortgage instrument at execution of the mortgage. If a default occurs, a mortgagee holding a mortgage that contains a valid confession of judgment clause may file a petition attaching the note, the mortgage instrument, and an affidavit of correctness of account proving default. Once filed, and without notice or the presence of the mortgagor, the court may sign an *ex parte* order seizing the mortgaged property and transferring title of the mortgaged property to the mortgagee.  Essentially, Louisiana's executory foreclosure process allows for swift default judgments against defaulting mortgagors. However, the SCRA, specifically 50 U.S.C. §3931, provides certain important procedural protections for servicemembers on active military duty before a default judgment can be validly entered against them.  Louisiana's executory foreclosure process does not overrule the SCRA's requirement that a judgment (and a court's *ex parte* order signed at the time an executory process foreclosure suit is filed amounts to a default judgment pursuant to the definition found in 50 U.S.C. §3911(9)) amounting to a default judgment be taken in strict conformity with the provisions of 50 U.S.C. §3931 – regardless of whether the obligation is incurred before or during a period of active military service.  Additionally, the SCRA requires that any waiver of the

mortgagor's SCRA protections be in writing in a separate instrument from the instrument creating the obligation and the written waiver can only be validly executed during or after the servicemember-mortgagor's period of military service. Without a separate written waiver of SCRA rights (including the right to be protected against default judgments except those entered in strict conformity with 50 U.S.C. §3931), a confession of judgment clause imbedded in a mortgage is invalid and the mortgagee cannot legally proceed with a foreclosure via Louisiana's executory process law.

4. The generally accepted statute of limitations for actions filed under SCRA is four years. However, 50 U.S.C. §3936 provides that the statute of limitations is tolled for the entire period of a servicemember's military service.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction over this matter in that Plaintiffs' and the Class Members' cause of action arises out of 50 U.S.C. §§3901, *et seq.*, specifically 50 U.S.C. §4042.

6. This Court has general and specific personal jurisdiction over the Defendants, in that Defendants conduct business in the State of Louisiana sufficient to confer minimum contacts within the State of Louisiana and within the Western District of Louisiana, and further because certain material acts upon which this suit is based occurred within the Western District of Louisiana.

7. Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b) and (c) in that: (1) Defendants reside in the Western District of Louisiana because they are subject to personal jurisdiction within the Western District of Louisiana; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the Western

District of Louisiana, to include, in part, all but one of the Defendants having begun their violations of the SCRA while making loans and filing foreclosure actions within this District; (3) the acts complained of herein relate to Defendants making and foreclosing loans within this District; and (4) Defendants may be found in this District.

## PLAINTIFF SPECIFIC ALLEGATIONS

### I. *Fodge v. TRUSTMARK*

8.      Plaintiff Steven D. Fodge is a citizen of the State of Louisiana. Pursuant to FED. R. CIV. P. 23, Plaintiff seeks to represent a class of United States military servicemembers (1) who obtained loans secured by a mortgage, privilege or security agreement encumbering movable or immovable properties from TRUSTMARK on or after December 10, 2004, to purchase Louisiana movable or immovable properties either before or while in military service, (2) against whom or from whom TRUSTMARK  did not secure a valid waiver of the protections against default judgment under the SRCA, (3) against whom or from whom TRUSTMARK did not secure a valid confession of judgment within the mortgage, privilege or security agreement as required by Louisiana executory process foreclosure law, and (4) who had purchased Louisiana movable or immovable properties against which TRUSTMARK foreclosed in *ex parte* proceedings using Louisiana's executory process foreclosure law while the servicemember was serving in military service.

9.      On April 15, 2011, Plaintiff Steven D. Fodge purchased a home and financed a portion of the purchase price of the home with a promissory note in the amount of $149,139.00, secured by a Mortgage executed on April 15, 2011, and recorded in the Records of Bossier Parish, Louisiana, on April 18, 2011 under Registry No. 1017659, in Mortgage Book 2069, page 174 ("the TRUSTMARK Mortgage").

10.    At the time of the execution of the TRUSTMARK Mortgage described above, Plaintiff Steven D. Fodge was on active duty in the United States Air Force and he remains on active duty as of the date this action is filed.

11.    Imbedded within the TRUSTMARK Mortgage was a clause importing confession of judgment.

12.    Plaintiff Steven D. Fodge never at any time executed a separate written agreement waiving any of his rights under the SCRA with regard to the obligation established by the TRUSTMARK Mortgage

13.    On August 22, 2014, a date on which Plaintiff Steven D. Fodge was on active duty in the U.S. Air Force, Defendant TRUSTMARK, the then-holder of the promissory note and rights under the TRUSTMARK Mortgage filed an executory process foreclosure proceeding styled "Trustmark National Bank versus Steven Fodge (a/k/a Steven Douglas Fodge) and Loretta Fodge (a/k/a Loretta Gard-Chambers Fodge, Loretta Chambers, Loretta Gard, Loretta Gard-Chambers)", being Case No. 145177 on the docket of the 26th Judicial Court, Bossier Parish, Louisiana (the "TRUSTMARK Foreclosure Suit").

14.    In the petition referenced in the preceding paragraph, Defendant TRUSTMARK represented to the court that the certified copy of the Mortgage attached to the executory process petition contained a confession of judgment by Plaintiff Steven D. Fodge.

15.    Based on 50 U.S.C. §3918, Plaintiff Steven D. Fodge never executed a valid waiver of his right to be protected from a default judgment except one rendered in strict compliance with 50 U.S.C. §3931.

16.    When the TRUSTMARK Foreclosure Suit was filed, Defendant TRUSTMARK did not possess the required confession of judgment and lacked the statutory right to proceed in

foreclosure against Plaintiff Steven D. Fodge except by ordinary process.

17.    When the court in the TRUSTMARK Foreclosure Suit signed the *ex parte* order seizing the property of Plaintiff Steven D. Fodge on April 15, 2011, such order constituted a default judgment under the provisions of and in violation of 50 U.S.C. §§3911(9) and 3931.

18.    As a result of the foreclosure by executory proceedings without a valid confession of judgment, the property of Plaintiff Steven D. Fodge was illegally seized and subsequently sold by Defendant TRUSTMARK in violation of the SCRA and cannot be returned to Plaintiff Steven D. Fodge.

19.    The violations of the SCRA by the Defendant have aggrieved and caused damages to Plaintiff Steven D. Fodge and entitled him to obtain appropriate equitable or declaratory relief with regard to the Defendant's SCRA violations (including, but not limited to, credit repair services to remedy credit score damage caused by the Defendant's unlawful foreclosure, and future credit monitoring for a reasonable period of time, and notice by the Defendant to the Department of Defense Consolidated Adjudications Facility that the foreclosure taken by the Defendant against Plaintiff Steven D. Fodge was unlawful and should not be considered on any security clearance review for either continuation of a security clearance or upgrade of an existing security clearance), and to recover all other appropriate relief, including monetary damages and the costs of the action, including a reasonable attorney fee, as permitted by the SCRA.

20.    Due to Defendant's repeated acts of serving servicemembers with default judgments and wrongful foreclosures in violation of SRCA, Plaintiff brings this matter to not only enforce the SCRA against Defendant for himself, but to also do so on behalf of others who have been wrongly foreclosed upon by the Defendant and to stop Defendant from acting in an unlawful manner in the future.

## II. *Carey v. OCWEN*

21.     Plaintiff Joseph E. Carey is a citizen of the State of Louisiana. Pursuant to FED. R. CIV. P. 23, Plaintiff seeks to represent a class of United States military servicemembers (1) who obtained loans secured by a mortgage, privilege or security agreement encumbering movable or immovable properties from OCWEN on or after December 10, 2004, to purchase Louisiana movable or immovable properties either before or while in military service, (2) against whom or from whom OCWEN  did not secure a valid waiver of the protections against default judgment under the SRCA, (3) against whom or from whom OCWEN did not secure a valid confession of judgment within the mortgage, privilege or security agreement as required by Louisiana executory process foreclosure law, and (4) who had purchased Louisiana movable or immovable properties against which OCWEN foreclosed in *ex parte* proceedings using Louisiana's executory process foreclosure law while the servicemember was serving in military service.

22.     On February 23, 2011, Plaintiff Joseph Eric Carey purchased a home and financed a portion of the purchase price of the home with a promissory note in the amount of $234,800.00, secured by a Mortgage executed on February 23, 2011, and recorded in the Records of East Baton Rouge Parish, Louisiana, on March 10, 2011, under Registry No. 10129113, in Mortgage Book 078, Bundle 12308 ("the OCWEN Mortgage").

23.     At the time of the execution of the OCWEN Mortgage described above, Plaintiff Joseph Eric Carey was not on active duty in the United States Army.  Thereafter, Plaintiff Joseph Eric Carey entered active duty in the United States Army on February 23, 2013 and he remains on active duty as of the date this action is filed.

24.     Imbedded within the OCWEN Mortgage was a clause importing confession of judgment.

25.    Plaintiff Joseph Eric Carey never at any time executed a separate written agreement waiving any of his/her rights under the Servicemembers Civil Relief Act with regard to the obligation established by the OCWEN Mortgage.

26.    On July 16, 2015, a date on which Plaintiff Joseph Eric Carey was on active duty with the U.S. Army, Defendant OCWEN, the then-holder of the promissory note and rights under the OCWEN Mortgage, filed an executory foreclosure proceeding styled "OCWEN Loan Servicing, LLC vs. Joseph Eric Carey and Holly Louise Gravel Carey", being Case No. 640861 on the docket of the 19th Judicial Court, East Baton Rouge Parish, Louisiana (the "OCWEN Foreclosure Suit").

27.    In the petition referenced in the preceding paragraph, Defendant OCWEN represented to the court that the certified copy of the Mortgage attached to the executory process petition contained a confession of judgment by Plaintiff Joseph Eric Carey.

28.    Based on 50 U.S.C. §3918, Plaintiff Joseph Eric Carey never executed a valid waiver of his right to be protected from a default judgment except one rendered in strict compliance with 50 U.S.C. §3931.

29.    When the OCWEN Foreclosure Suit was filed, Defendant OCWEN did not possess the required confession of judgment and lacked the statutory right to proceed in foreclosure against Plaintiff Joseph Eric Carey except by ordinary process.

30.    When the court in the OCWEN Foreclosure Suit signed the *ex parte* order seizing the property of Plaintiff Joseph Eric Carey on February 23, 2011, such order constituted a default judgment under the provisions of and in violation of 50 U.S.C. §§ 3911(9) and 3931.

31.    As a result of the foreclosure by executory proceedings without a valid confession of judgment, the property of Plaintiff Joseph Eric Carey was illegally seized and subsequently

sold by Defendant OCWEN in violation of the SCRA and cannot be returned to Plaintiff Joseph Eric Carey.

32.    The violations of the SCRA by the Defendant have aggrieved and caused damages to Plaintiff Joseph Eric Carey and entitled him to obtain appropriate equitable or declaratory relief with regard to the Defendant's SCRA violations (including, but not limited to, credit repair services to remedy credit score damage caused by the Defendant's unlawful foreclosure, and future credit monitoring for a reasonable period of time, and notice by the Defendant to the Department of Defense Consolidated Adjudications Facility that the foreclosure taken by the Defendant against Plaintiff Joseph E. Carey was unlawful and should not be considered on any security clearance review for either continuation of a security clearance or upgrade of an existing security clearance), and to recover all other appropriate relief, including monetary damages and the costs of the action, including a reasonable attorney fee, as permitted by the SCRA.

33.    Due to Defendant's repeated acts of serving servicemembers with default judgments and wrongful foreclosures in violation of SRCA, Plaintiff brings this matter to not only enforce the SCRA against Defendant for himself, but to also do so on behalf of others who have been wrongly foreclosed upon by the Defendant and to stop Defendant from acting in an unlawful manner in the future.

### III.  *Tokay v. BFCU*

34.    Plaintiff Jon Adrian Tokay is a citizen of the State of Louisiana. Pursuant to FED. R. CIV. P. 23, Plaintiff seeks to represent a class of United States military servicemembers (1) who obtained loans secured by a mortgage, privilege or security agreement encumbering movable or immovable properties from BFCU on or after December 10, 2004, to purchase Louisiana movable or immovable properties either before or while in military service, (2) against

whom or from whom BFCU  did not secure a valid waiver of the protections against default judgment under the SRCA, (3) against whom or from whom BFCU did not secure a valid confession of judgment within the mortgage, privilege or security agreement as required by Louisiana executory process foreclosure law, and (4) who had purchased Louisiana movable or immovable properties against which BFCU foreclosed in *ex parte* proceedings using Louisiana's executory process foreclosure law while the servicemember was serving in military service.

35.    On May 4, 2006, Plaintiff Jon Adrian Tokay purchased a home and financed a portion of the purchase price of the home with a promissory note in the amount of $101,100.00, secured by a Mortgage executed on May 4, 2006, and recorded in the Records of Bossier Parish, Louisiana, on May 5, 2006 under Registry No. 864545, in Mortgage Book 1741, page 436 ("the BFCU Mortgage").

36.    At the time of the execution of the BFCU Mortgage described above, Plaintiff Jon Adrian Tokay was on active duty in the United States Air Force and he remains on active duty as of the date this action is filed.

37.    Imbedded within the BFCU Mortgage was a clause importing confession of judgment.

38.    Plaintiff Jon Adrian Tokay never at any time executed a separate written agreement waiving any of his rights under the Servicemembers Civil Relief Act with regard to the obligation established by the BFCU Mortgage.

39.    On May 7, 2014, a date on which Plaintiff Jon Adrian Tokay was on active duty with the U.S. Air Force, Defendant BFCU, the then-holder of the promissory note and rights under the BFCU Mortgage, filed an executory foreclosure proceeding styled "Barksdale Federal

Credit Union versus Jon Adrian Tokay", being Case No. 144389 on the docket of the 26th Judicial Court, Bossier Parish, Louisiana (the "BFCU Foreclosure Suit").

40.    In the petition referenced in the preceding paragraph, Defendant BFCU represented to the court that the certified copy of the Mortgage attached to the executory process petition contained a confession of judgment by Plaintiff Jon Adrian Tokay.

41.    Based on 50 U.S.C. §3918, Plaintiff Jon Adrian Tokay never executed a valid waiver of his right to be protected from a default judgment except one rendered in strict compliance with 50 U.S.C. §3931.

42.    When the BFCU Foreclosure Suit was filed, Defendant BFCU did not possess the required confession of judgment and lacked the statutory right to proceed in foreclosure against Plaintiff Jon Adrian Tokay except by ordinary process.

43.    When the court in the BFCU Foreclosure Suit signed the *ex parte* order seizing the property of Plaintiff Jon Adrian Tokay on May 4, 2006, such order constituted a default judgment under the provisions of and in violation of 50 U.S.C. §§ 3911(9) and 3931.

44.    As a result of the foreclosure by executory proceedings without a valid confession of judgment, the property of Plaintiff Jon Adrian Tokay was illegally seized and subsequently sold by Defendant BFCU in violation of the SCRA and cannot be returned to Plaintiff Jon Adrian Tokay.

45.    The violations of the SCRA by the Defendant have aggrieved and caused damages to Plaintiff Jon Adrian Tokay and entitled him to obtain appropriate equitable or declaratory relief with regard to the Defendant's SCRA violations (including, but not limited to, credit repair services to remedy credit score damage caused by the Defendant's unlawful foreclosure, and future credit monitoring for a reasonable period of time, and notice by the Defendant to the

Department of Defense Consolidated Adjudications Facility that the foreclosure taken by the Defendant against Plaintiff Jon Adrian Tokay was unlawful and should not be considered on any security clearance review for either continuation of a security clearance or upgrade of an existing security clearance), and to recover all other appropriate relief, including monetary damages and the costs of the action, including a reasonable attorney fee, as permitted by the SCRA.

46.    Due to Defendant's repeated acts of serving servicemembers with default judgments and wrongful foreclosures in violation of SRCA, Plaintiff brings this matter to not only enforce the SCRA against Defendant for himself, but to also do so on behalf of others who have been wrongly foreclosed upon by the Defendant and to stop Defendant from acting in an unlawful manner in the future.

## IV. *Jeffcoat v. PENNYMAC*

47.    Plaintiff Pamela Rhea Jeffcoat is a citizen of the State of Louisiana. Pursuant to FED. R. CIV. P. 23, Plaintiff seeks to represent a class of United States military servicemembers (1) who obtained loans secured by a mortgage, privilege or security agreement encumbering movable or immovable properties from PENNYMAC on or after December 10, 2004, to purchase Louisiana movable or immovable properties either before or while in military service, (2) against whom or from whom PENNYMAC did not secure a valid waiver of the protections against default judgment under the SRCA, (3) against whom or from whom PENNYMAC did not secure a valid confession of judgment within the mortgage, privilege or security agreement as required by Louisiana executory process foreclosure law, and (4) who had purchased Louisiana movable or immovable properties against which PENNYMAC foreclosed in *ex parte* proceedings using Louisiana's executory process foreclosure law while the servicemember was serving in military service.

48.     On November 25, 2013, Plaintiff Pamela Rhea Jeffcoat purchased a home and financed a portion of the purchase price of the home with a promissory note in the amount of $114,408.00, secured by a Mortgage executed on November 25, 2013, and recorded in the Records of Vernon Parish, Louisiana, on November 26, 2013, under Registry No. 656176, in Mortgage Book 1532, page 199 ("the PENNYMAC Mortgage").

49.     At the time of the execution of the PENNYMAC Mortgage described above, Plaintiff Pamela Rhea Jeffcoat was on active duty in the United States Army and was released from active duty less than four years from the date of the filing of this action.

50.     Imbedded within the PENNYMAC Mortgage was a clause importing confession of judgment.

51.     Plaintiff Pamela Rhea Jeffcoat never at any time executed a separate written agreement waiving any of her rights under the Servicemembers Civil Relief Act with regard to the obligation established by the PENNYMAC Mortgage.

52.     June 2, 2015, a date on which Plaintiff Pamela Rhea Jeffcoat was on active duty with the U.S. Army, Defendant PENNYMAC, the then-holder of the promissory note and rights under the PENNYMAC Mortgage, filed an executory foreclosure proceeding styled "Pennymac Loan Services, LLC vs. Pamela Rhea Jeffcoat", being Case No. 91275 on the docket of the 30th Judicial Court, Vernon Parish, Louisiana (the "PENNYMAC Foreclosure Suit").

53.     In the petition referenced in the preceding paragraph, Defendant PENNYMAC represented to the court that the certified copy of the Mortgage attached to the executory process petition contained a confession of judgment by Plaintiff Pamela Rhea Jeffcoat.

54.    Based on 50 U.S.C. §3918, Plaintiff Pamela Rhea Jeffcoat never executed a valid waiver of her right to be protected from a default judgment except one rendered in strict compliance with 50 U.S.C. §3931.

55.    When the PENNYMAC Foreclosure Suit was filed, Defendant PENNYMAC did not possess the required confession of judgment and lacked the statutory right to proceed in foreclosure against Plaintiff Pamela Rhea Jeffcoat except by ordinary process.

56.    When the court in the the PENNYMAC Foreclosure Suit signed the *ex parte* order seizing the property of Plaintiff Pamela Rhea Jeffcoat on November 25, 2015, such order constituted a default judgment under the provisions of and in violation of 50 U.S.C. §§ 3911(9) and 3931.

57.    As a result of the foreclosure by executory proceedings without a valid confession of judgment, the property of Plaintiff Pamela Rhea Jeffcoat was illegally seized and subsequently sold by Defendant PENNYMAC in violation of the SCRA and cannot be returned to Plaintiff Pamela Rhea Jeffcoat.

58.    The violations of the SCRA by the Defendant have aggrieved and caused damages to Plaintiff Pamela Rhea Jeffcoat and entitled her to obtain appropriate equitable or declaratory relief with regard to the Defendant's SCRA violations (including, but not limited to, credit repair services to remedy credit score damage caused by the Defendant's unlawful foreclosure, and future credit monitoring for a reasonable period of time, and notice by the Defendant to the Department of Defense Consolidated Adjudications Facility that the foreclosure taken by the Defendant against Plaintiff Pamela Rhea Jeffcoat was unlawful and should not be considered on any security clearance review for either continuation of a security clearance or upgrade of an existing security clearance), and to recover all other appropriate relief, including monetary

damages and the costs of the action, including a reasonable attorney fee, as permitted by the SCRA.

59.    Due to Defendant's repeated acts of serving servicemembers with default judgments and wrongful foreclosures in violation of SRCA, Plaintiff brings this matter to not only enforce the SCRA against Defendant for herself, but to also do so on behalf of others who have been wrongly foreclosed upon by the Defendant and to stop Defendant from acting in an unlawful manner in the future.

## V. *Kaltenmark v. BANA*

60.    Plaintiff Andrew J. Kaltenmark is a citizen of the State of Louisiana. Pursuant to FED. R. CIV. P. 23, Plaintiff seeks to represent a class of United States military servicemembers (1) who obtained loans secured by a mortgage, privilege or security agreement encumbering movable or immovable properties from BANA on or after December 10, 2004, to purchase Louisiana movable or immovable properties either before or while in military service, (2) against whom or from whom BANA did not secure a valid waiver of the protections against default judgment under the SRCA, (3) against whom or from whom BANA did not secure a valid confession of judgment within the mortgage, privilege or security agreement as required by Louisiana executory process foreclosure law, and (4) who had purchased Louisiana movable or immovable properties against which BANA foreclosed in *ex parte* proceedings using Louisiana's executory process foreclosure law while the servicemember was serving in military service.

61.    On June 7, 2010, Plaintiff Andrew J. Kaltenmark purchased a home and financed a portion of the purchase price of the home with a promissory note in the amount of $156,289.00, secured by a Mortgage executed on June 7, 2010, and recorded in the Records of Bossier Parish, Louisiana, on June 8, 2010, under Registry No. 995070, in Mortgage Book 1988, page 487, ("the

BANA Mortgage").

62.     At the time of the execution of the BANA Mortgage described above, Plaintiff Andrew J. Kaltenmark was on active duty in the United States Air Force and continues to be on active duty as of the filing of this action.

63.     Imbedded within the BANA Mortgage was a clause importing confession of judgment.

64.     Plaintiff Andrew J. Kaltenmark never at any time executed a separate written agreement waiving any of his rights under the Servicemembers Civil Relief Act with regard to the obligation established by the BANA Mortgage.

65.     On March 27, 2014, a date on which Plaintiff Andrew J. Kaltenmark was on active duty in the U.S. Air Force, BANA, the then-holder of the promissory note and rights under the BANA Mortgage, filed an executory foreclosure proceeding styled "Bank of America, N.A. versus Andrew J. Kaltenmark a/k/a Andrew Kaltenmark and Danielle Kaltenmark", being Case No. 144102 on the docket of the 26th Judicial Court, Bossier Parish, Louisiana (the "BANA Foreclosure Suit").

66.     In the petition referenced in the preceding paragraph, Defendant BANA represented to the court that the certified copy of the Mortgage attached to the executory process petition contained a confession of judgment by Plaintiff Andrew J. Kaltenmark.

67.     Based on 50 U.S.C. §3918, Plaintiff, Andrew J. Kaltenmark, never executed a valid waiver of his right to be protected from a default judgment except one rendered in strict compliance with 50 U.S.C. §3931.

68.     When the BANA Foreclosure Suit was filed, Defendant did not possess the required confession of judgment and lacked the statutory right to proceed in foreclosure against

Plaintiff Andrew J. Kaltenmark except by ordinary process.

69.     When the court in the BANA Foreclosure Suit signed the *ex parte* order seizing the property of Plaintiff Andrew J. Kaltenmark on June 7, 2010, such order constituted a default judgment under the provisions of and in violation of 50 U.S.C. §§ 3911(9) and 3931.

70.     As a result of the foreclosure by executory proceedings without a valid confession of judgment, the property of Plaintiff Andrew J. Kaltenmark was illegally seized and subsequently sold by Defendant BANA in violation of the SCRA and cannot be returned to Plaintiff Andrew J. Kaltenmark.

71.     The violations of the SCRA by the Defendant have aggrieved and caused damages to Plaintiff Andrew J. Kaltenmark and entitled him to obtain appropriate equitable or declaratory relief with regard to the Defendant's SCRA violations (including, but not limited to, credit repair services to remedy credit score damage caused by the Defendant's unlawful foreclosure, and future credit monitoring for a reasonable period of time, and notice by the Defendant to the Department of Defense Consolidated Adjudications Facility that the foreclosure taken by the Defendant against Plaintiff Andrew J. Kaltenmark was unlawful and should not be considered on any security clearance review for either continuation of a security clearance or upgrade of an existing security clearance), and to recover all other appropriate relief, including monetary damages and the costs of the action, including a reasonable attorney fee, as permitted by the SCRA.

72.     Due to Defendant's repeated acts of serving servicemembers with default judgments and wrongful foreclosures in violation of SRCA, Plaintiff brings this matter to not only enforce the SCRA against Defendant for himself, but to also do so on behalf of others who have been wrongly foreclosed upon by the Defendant and to stop Defendant from acting in an

unlawful manner in the future.

## VI. *Inovejas v. PHH*

73.     Plaintiffs Lance and Deborah Inovejas are citizens of the State of Louisiana. Pursuant to FED. R. CIV. P. 23, Plaintiffs seek to represent a class of United States military servicemembers (1) who obtained loans secured by a mortgage, privilege or security agreement encumbering movable or immovable properties from PHH on or after December 10, 2004, to purchase Louisiana movable or immovable properties either before or while in military service, (2) against whom or from whom PHH did not secure a valid waiver of the protections against default judgment under the SRCA, (3) against whom or from whom PHH did not secure a valid confession of judgment within the mortgage, privilege or security agreement as required by Louisiana executory process foreclosure law, and (4) who had purchased Louisiana movable or immovable properties against which PHH foreclosed in *ex parte* proceedings using Louisiana's executory process foreclosure law while the servicemember was serving in military service.

74.     On December 28, 2010, 2010, Plaintiffs Lance K. and Deborah A. Inovejas purchased a home and financed a portion of the purchase price of the home with a promissory note in the amount of $272,229.00, secured by a Mortgage executed on December 28, 2010, and recorded in the Records of Bossier Parish, Louisiana, on December 29, 2010, under Registry No. 1010682, in Mortgage Book 2045, page 237.  The mortgage was subsequently assigned to Defendant PHH by act of assignment recorded in the records of Bossier Parish., Louisiana on March 4, 2015, as Instrument No. 1114938 in Mortgage Book 2437, page 861 ("the PHH Mortgage").

75.     At the time of the execution of the PHH Mortgage described above, both Plaintiffs Lance K. Inovejas and Deborah A. Inovejas were on active duty in the United States Air Force.

Each of them retired from the U.S. Air Force within four years of the filing of this action.

76.     Imbedded within the PHH Mortgage was a clause importing confession of judgment.

77.     Plaintiffs Lance K. Inovejas and Deborah A. Inovejas never at any time executed a separate written agreement waiving any of their rights under the Servicemembers Civil Relief Act with regard to the obligation established by the PHH Mortgage.

78.     On January 23, 2015, a date on which both Plaintiffs Lance K. Invovejas and Deborah A. Inovejas were both on active duty in the U.S. Air Force, Defendant PHH, the then-holder of the promissory note and rights under the PHH Mortgage, filed an executory foreclosure proceeding styled "PHH Mortgage Corporation versus Deborah Inovejas (a/k/a Deborah A. Inovejas) and Lance K. Inovejas""", being Case No. 146197 on the docket of the 26th Judicial Court, Bossier Parish, Louisiana (the "PHH Mortgage Foreclosure Suit").

79.     In the petition referenced in the preceding paragraph, Defendant PHH  represented to the court that the certified copy of the Mortgage attached to the executory process petition contained a confession of judgment by Plaintiffs Lance K. Inovejas and Deborah A. Inovejas.

80.     Based on 50 U.S.C. §3918, Plaintiffs Lance K. Inovejas and Deborah A. Inovejas never executed a valid waiver of their right to be protected from a default judgment except one rendered in strict compliance with 50 U.S.C. §3931.

81.     When the PHH Mortgage Foreclosure Suit was filed, Defendant PHH  did not possess the required confession of judgment and lacked the statutory right to proceed in foreclosure against Plaintiffs Lance K. Inovejas and Deborah A. Inovejas except by ordinary process.

82.     When the court in the PHH Mortgage Foreclosure Suit signed the *ex parte* order

seizing the property of Plaintiffs Lance K. Inovejas and Deborah A. Inovejas on January 30,
2015, such order constituted a default judgment under the provisions of and in violation of 50
U.S.C. §§ 3911(9) and 3931.

83.    As a result of the foreclosure by executory proceedings without a valid confession
of judgment, the property of Plaintiffs Lance K. Inovejas and Deborah A. Inovejas was illegally
seized and subsequently sold by Defendant PHH in violation of the SCRA and cannot be
returned to Plaintiffs Lance K. Inovejas and Deborah A. Inovejas.

84.    The violations of the SCRA by the Defendant have aggrieved and caused damages
to Plaintiffs Lance K. Inovejas and Deborah A. Inovejas and entitled them to obtain appropriate
equitable or declaratory relief with regard to the Defendant's SCRA violations (including, but not
limited to, credit repair services to remedy credit score damage caused by the Defendant's
unlawful foreclosure, and future credit monitoring for a reasonable period of time, and notice by
the Defendant to the Department of Defense Consolidated Adjudications Facility that the
foreclosure taken by the Defendant against Plaintiffs Lance K. Inovejas and Deborah A. Inovejas
was unlawful and should not be considered on any security clearance review for either
continuation of a security clearance or upgrade of an existing security clearance), and to recover
all other appropriate relief, including monetary damages and the costs of the action, including a
reasonable attorney fee, as permitted by the SCRA.

85.    Due to Defendant's repeated acts of serving servicemembers with default
judgments and wrongful foreclosures in violation of SRCA, Plaintiffs bring this matter to not
only enforce the SCRA against Defendant for themselves, but to also do so on behalf of others
who have been wrongly foreclosed upon by the Defendant and to stop Defendant from acting in
an unlawful manner in the future.

FIRST ORIGINAL CLASS ACTION COMPLAINT                          Page 21 of 27

## VII.  Allegations as to each Plaintiff Individually

86.    Each of the individual Plaintiffs listed above are either on active duty as a member of the uniformed services, as that term is defined in 10 U.S.C. §101(a)(5) on the date this action is filed, or are within four years of discharge or retirement as a member of the uniformed services, as defined by 10 U.S.C. §101(a)(5) and 50 U.S.C. §511(2).

## CLASS ALLEGATIONS

87.    PLAINTIFFS bring this Louisiana-wide class action pursuant to Rule 23(b)(2) and 23(b)(3) of the *Federal Rules of Civil Procedure*, individually and on behalf of all members of the following Class.  The Class consists of:

> All current and former servicemembers of the United States up through and including the date of judgment (1) who, on or after December 10, 2004, obtained one or more loans secured by a mortgage, privilege or security agreement encumbering movable or immovable properties from TRUSTMARK, OCWEN, PENNYMAC, BFCU, BANA, or PHH, to purchase movable or immovable property in Louisiana either before or while in military service as defined by the Servicemembers Civil Relief Act, (2) against whom or from whom TRUSTMARK, OCWEN, PENNYMAC, BFCU, BANA, or PHH did not secure a valid waiver of the protections against default judgment under the SRCA, (3) against whom or from whom TRUSTMARK, OCWEN, PENNYMAC, BANA, BFCU, or PHH did not secure a valid confession of judgment within the mortgage, privilege or security agreement as required by Louisiana Code of Civil Procedure articles 2631 and 2632, (4) who purchased movable or immovable property in Louisiana on or after December 10, 2004, against which TRUSTMARK, OCWEN, PENNYMAC, BANA, BFCU or PHH foreclosed in *ex parte* proceedings using Louisiana's executory process law while the servicemember was serving in military service as defined by 50 U.S.C. §3911(2); and (5) who were either still on active duty or within four years of separation from active duty as of the date of the filing of this action (hereafter, the "Class").
>
> Excluded from the class are the following individuals and/or entities:
>
> a.    Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;
>
> b.    Individuals or entities, if any, who timely opt out of this proceeding using the correct protocol for opting out;

c.    Individuals or entities, if any, who have previously settled or compromised claims(s) as identified herein for the class; and

d.    Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

88.    The class is objectively defined and ascertainable.  Every element for class membership allows the putative class member to objectively determine whether they are a member of the Class.  Further, every element allows the Defendant to know who is in the Class. Finally, every element is objectively verifiable by Defendants' records.

### A.    Numerosity

89.    The Class is so numerous that joinder of all members is impracticable. Defendants publicly assert they service loan portfolios of over $600 billion and have tens of thousands of borrowers, collectively.  Upon information and belief, of those numbers, Plaintiff alleges the number of Class members are in the thousands.

### B.    Commonality

90.    There are questions of law or fact common to the class.  These questions include, but are not limited to, the following:

a.    Whether and to what extent Defendants engage in actions of wrongfully foreclosing on servicemembers in *ex parte* proceedings without a valid waiver of protection against default judgment;

b.    Whether Plaintiff and the Class are entitled to equitable relief against the Defendants;

c.    Whether Plaintiff and the Class are entitled to declaratory relief against the Defendants; and

d.    Whether Plaintiff and the Class are entitled to the recovery of monetary damages against Defendants.

### C.  Typicality

91.    Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the

Class are servicemembers who incurred loan obligations secured by a mortgage, privilege or security agreement prior to or during military service; Plaintiff and the Class Members entered military service and by improper use of Louisiana's executory process for foreclosure, the properties owned by the servicemembers were wrongfully foreclosed upon through *ex parte* proceedings without a valid waiver from the servicemember of their protections against default judgment.

### D. Adequacy of Representation

92.    Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs' interests do not conflict with the interests of the Class members.  Furthermore, Plaintiffs have retained competent counsel experienced in class action litigation.  Plaintiffs' counsel will fairly and adequately protect and represent the interests of the Class.

### E. Rule 23(b)(2)

93.    Plaintiffs assert that pursuant to Fed. R. Civ. P. 23(b)(2), Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief and/or corresponding declaratory relief is appropriate respecting the Class as a whole.

### F. Rule 23(b)(3)

94.    Plaintiffs assert that pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact common to the Class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Specifically, Defendants' practices and procedures are uniform; a uniform criteria exists to determine a violation of law on the Defendants' part; and a uniform manner exists in which to provide equitable, declaratory, and monetary relief.  Finally, if monetary damages are found to be warranted and while each individual Class Member's

economic damages may vary as to the specific amount, a common method for determining Defendants' economic harm to the Class Members exists because such damages flow directly from Defendants' wrongful foreclosure.  Finally, a class action is the superior mechanism to address Defendants' unlawful conduct.

## <u>CAUSE OF ACTION</u>

95.    Defendants' actions alleged herein violate 50 U.S.C. §§3901, *et seq.*, specifically §3931.

96.    Plaintiffs and the Class Members are servicemembers as defined by 50 U.S.C. § 3911(1).

97.    Upon entry onto active military service and for 60 days after termination or release from such military service, Plaintiffs and the Class Members were/are entitled to protection from default judgment in accordance with 50 U.S.C. §3931.

98.    Pursuant to 50 U.S.C. §4042(a), Plaintiffs and the Class are entitled to declaratory relief that Defendants' practices violate 50 U.S.C. §3931.

99.    Pursuant to 50 U.S.C. §4042(a), Plaintiffs and the Class are entitled to injunctive relief: (1) stopping Defendants from further violating 50 U.S.C. §3931; (2) requiring Defendants to provide credit repair services to Plaintiffs and Class Members so as to negate any adverse credit impact that may have occurred as a result of the wrongful foreclosure by Defendants; (3) requiring Defendants to provide credit monitoring services for a reasonable period of time; (4) requiring Defendants to notify the Department of  Defense Consolidated Adjudications Facility that the foreclosure against the Class Members was unlawful and should not be considered on any security clearance review for either continuation of an existing security clearance or upgrade of an existing security clearance; and (5) requiring Defendants to modify their policies and

FIRST ORIGINAL CLASS ACTION COMPLAINT                              Page 25 of 27

procedures for conducting foreclosures in the State of Louisiana to protect future United States service members from wrongful foreclosure

100.    Pursuant to 50 U.S.C. §4042(a), Plaintiffs and the Class are entitled to monetary damages, including but not limited to the amounts compensating Plaintiffs and Class for wrongful foreclosure and all damages directly attributable to the foreclosure, as a result of Defendants' actions in violation of 50 U.S.C. §3931.

101.    Pursuant to 50 U.S.C. §4042(b), Plaintiffs and the Class are entitled to costs of this action and reasonable attorneys' fees.

## JURY TRIAL DEMANDED

102.    As to any issue triable of right by a jury, Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Class members, request judgment be entered against Defendants and that the Court grant the following:

1.    An order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

2.    Judgment against the Defendants for Plaintiffs' and the Class' asserted causes of action;

3.    Declaratory Judgment finding Defendants' practices violate 50 U.S.C. §3931;

4.    An award of injunctive relief stopping Defendants from further violating 50 U.S.C. §3931 as asserted above and further proven at trial, and also requiring Defendants to provide to Plaintiffs and the Class Members credit repair services in order to negate any adverse credit impact that may have been made by Defendants as a result of the wrongful foreclosure by Defendants as well as future credit monitoring services;

5.    An award of injunctive relief requiring Defendants to notify the Department of Defense Consolidated Adjudications Facility that the foreclosure against the Class Members was unlawful and should not be considered on any security clearance review for either continuation of an existing security clearance or upgrade of an existing security clearance;

6.   An award of injunctive relief requiring Defendants to modify their policies and procedures for conducting foreclosures in the State of Louisiana to protect future United States service members from wrongful foreclosure;

7.   An award of monetary damages against Defendants and for the Class for violations of 50 U.S.C. §3931;

8.   An award of reasonable attorneys' fees and other litigation costs reasonably incurred; and

9.   Any and all other relief to which the Plaintiffs and the Class may be entitled.

Respectfully submitted,

By: /s/ *John S. Odom, Jr.*

JONES & ODOM, LLP
John S. Odom, Jr., La. Bar No. 10163
2124 Fairfield Avenue
Shreveport, LA 71104
Telephone: 318-221-1600
Facsimile: 318-425-1256
Email: john.odom@jodplaw.com
*ATTORNEY FOR PLAINTIFF*
*TRIAL COUNSEL*

TRAMMELL PIAZZA LAW FIRM, PLLC
M. Chad Trammell, La. Bar No. 29011
418 North State Line Avenue
Texarkana, AR 71854
Telephone: 870-779-1860
Facsimile: 870-779-1861

*ATTORNEYS FOR PLAINTIFF*

FIRST ORIGINAL CLASS ACTION COMPLAINT                    Page 27 of 27