UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEVEN D. FODGE, ET AL.                CIVIL ACTION NO. 18-0386

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

TRUSTMARK NATIONAL BANK,               MAGISTRATE JUDGE HORNSBY
ET AL.

**MEMORANDUM RULING**

Before the Court are multiple pending Motions to Dismiss filed by Defendants Barksdale Federal Credit Union ("Barksdale"), Bank of America, N.A. ("Bank of America"), Ocwen Loan Servicing, LLC ("Ocwen"), PennyMac Loan Services, LLC ("PennyMac"), and PHH Mortgage Corporation ("PHH") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Documents 85, 94, 95, 99, and 100. There is also pending a Motion to Strike filed by Defendant Bank of America. See Record Document 96. Plaintiffs Steven D. Fodge ("Fodge"), Joseph E. Carey ("Carey"), Jon A. Tokay ("Tokay"), Pamela R. Jeffcoat ("Jeffcoat"), Andrew J. Kaltenmark ("Kaltenmark"), Lance K. Inovejas and Deborah A. Inovejas (the "Inovejas") (collectively "Plaintiffs") oppose the motions. See Record Documents 116, 119, 120, 121, 122, and 125.[1] Defendants seek dismissal of all of Plaintiffs' claims. For the reasons set forth below, Defendants' Motions to Dismiss are hereby **GRANTED**. Additionally, Bank of America's Motion to Strike is **DENIED AS MOOT**.

---

[1] Defendant Trustmark National Bank ("Trustmark"), against whom Plaintiff Fodge has filed several claims, is the only defendant who has not filed a motion to dismiss and has only filed an answer in response to Plaintiffs' complaint. See Record Document 114. Therefore, Fodge's claims against Trustmark are not at issue for purposes of the instant Memorandum Ruling.

## I. BACKGROUND

Plaintiffs in this action are five individuals and one married couple who allege that they separately entered into mortgage agreements with six separate lenders and were later foreclosed on through Louisiana's executory process procedure in Louisiana state courts. See Record Document 84 at 2–3, 5–6. Plaintiffs allege that they were on active duty with various branches of the military at the relevant times and that the foreclosures violated provisions of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901 *et seq.*, which provides protections against, *inter alia*, default judgments absent a waiver that meets certain requirements. See id.

Plaintiffs also pray for certification of a state-wide class of servicemembers who, like themselves, obtained mortgage-secured loans, did not sign valid waivers acceptable under the SCRA, and who were foreclosed upon by Louisiana executory process while in active military service, as defined by the Act. See id. at 5–6, 24–25.[2] Plaintiffs seek damages in addition to declaratory and injunctive relief on behalf of a class that they estimate numbers in the thousands. Id. at 25, 28.

Defendants responded to the complaint by each filing a motion to dismiss; additionally, a motion to sever and a motion to strike were filed by Ocwen and Bank of America, respectively. See Record Documents 86 and 96. Defendants make similar

---

[2] "Military service," for servicemembers who are members of the Army, Navy, Air Force, Marine Corps, or Coast Guard, is "active duty," as defined in 10 U.S.C. § 101(d)(1). 50 U.S.C. § 3911(2)(A)(i). Plaintiff Carey and Defendant Ocwen make arguments in portions of their briefs as to whether the SCRA's protections applied at all to Carey, whose military orders show that he was on active duty for the Louisiana National Guard, which is not listed as covered by the SCRA. See Record Document 85-1 at 4–5; Record Document 116 at 6. However, because it is not necessary for the Court to answer this question in order to resolve the instant motions, this issue is not addressed.

arguments against Plaintiffs' suit, including their assertions that the SCRA does not apply to Louisiana executory process proceedings and that the SCRA did not render invalid the confession of judgment provisions contained in Plaintiffs' mortgage agreements. See Record Document 137 at 1–2. Several defendants also raise arguments specific to certain plaintiffs, such as bankruptcy estoppel or a challenge to whether a plaintiff was on active duty within the meaning of the SCRA at the relevant time. See id.

In addition, a Motion to Sever was filed by Ocwen, as well as several Motions to Stay that were filed by Ocwen, PennyMac, and Bank of America. See Record Documents 86, 97, and 105. Thereafter, on November 19, 2018, Magistrate Judge Hornsby, upon consideration of the motions to stay, entered an order staying the requirement of exchanging initial disclosures, discovery, and the class certification process pending the Court's ruling on the instant Motions to Dismiss and Motion to Strike. See Record Document 137 at 3.

## II.   LAW AND ANALYSIS

### A.   Pleading and 12(b)(6) Motion to Dismiss Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains

"labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally may not "go outside the pleadings." Colle v. Brazos Cty., Tex., 981 F.2d 237, 243 (5th Cir. 1993). However, a court may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice" in deciding a motion to dismiss. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008).[3] Additionally, courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 376 (5th Cir. 2004). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed

---

[3] The Court also notes that while its review of a Rule 12(b)(6) motion to dismiss is generally limited to the plaintiff's complaint, documents attached by a defendant are properly considered "if they are referred to in the plaintiff's complaint and are central to her claim," and "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." Carter v. Target Corp., 541 F. App'x 413, 416–17 (5th Cir. 2013) (citations omitted) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000)).

for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

### B. Applicability of SCRA Section 3931 to Louisiana Executory Process Proceedings

Although Plaintiffs bring this action pursuant to the SCRA, their arguments in support of their claims rely primarily on two of the Act's provisions, specifically Sections 3931 and 3918. See Record Document 84 at 27. The Court first addresses their argument relating to Section 3931, which is titled "Protection of servicemembers against default judgments." 50 U.S.C. § 3931. Plaintiffs make several assertions pursuant to this section, specifically that Defendants' use of Louisiana's executory process procedure to foreclose on Plaintiffs' mortgages constituted "default judgments" in violation of the provision. See Record Document 84 at 7.[4]

Section 3931, which "applies to any civil action or proceeding . . . in which the defendant does not make an appearance," 50 U.S.C. § 3931(a), provides various protections to servicemembers (as defined under the SCRA)[5] by imposing certain requirements on courts and plaintiff-creditors before default judgments can be entered against them. These protections include, *inter alia*, requirements that plaintiffs file an affidavit stating whether or not the servicemember is in military service before entering judgment, that courts appoint an attorney to represent the servicemember (if shown to be

---

[4] Because the dispositive facts alleged in the First Amended Class Action Complaint, see Record Document 84, are nearly identical with respect to each individual Plaintiff, the Court's findings and reasoning apply with equal force to all Plaintiffs for purposes of the instant Memorandum Ruling.
[5] See supra note 2.

in military service) before entering judgment, and that courts (if such courts entered a default judgment against a servicemember) reopen the judgment to allow the servicemember to defend the action if he was "materially affected by reason of that military service in making a defense to the action" and "has a meritorious or legal defense to the action or some part of it." See 50 U.S.C. § 3931(b)(1)–(2), (g)(1).

Louisiana law defines executory proceedings as "those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law." See La. C.C.P. art. 2631 (emphasis added). Executory process is a commonly-used procedure in Louisiana in which a debtor, in executing the mortgage, agrees in advance (i.e., "confesses judgment") to allow a mortgagee, or creditor, to foreclose on the property that is subject to the mortgage if the debtor later defaults in making his mortgage payments under the loan agreement. See Record Document 95-1 at 12–13; Record Document 84 at 3. This procedure is an *in rem* proceeding and so does not result in a personal judgment against the debtor, and the debtor is not required to be served with citation or service of demand for payment. See La. C.C.P. art. 2640; see also Mitchell v. Valteau, 09-1095 (La. App. 4th Cir. 1/27/10), 30 So. 3d 1108, 1112–13.

In this case, the Court finds that Defendants' use of Louisiana's executory process procedure to foreclose on Plaintiffs' mortgages is not the type of action to which Section 3931 is meant to apply. Although it appears no court has addressed the specific question of Section 3931's applicability to Louisiana executory proceedings, courts have addressed this question in the context of analogous proceedings in other states. For

example, courts applying the SCRA to cognovit judgments, which are similar to the confession of judgment provisions used in Louisiana executory proceedings, have held that Section 3931 "does not apply to cognovit judgments because by their very nature cognovit judgments do not require an appearance by the debtor, since the debtor has consented in advance to the holder obtaining judgment without notice or a hearing." See Fifth Third Bank v. Schoessler's Supply Room, 940 N.E.2d 608, 614 (Ohio Ct. App. 2010); Ross v. Brown Title Corp., 356 F. Supp. 595, 600 (E.D. La. 1973) (noting that executory process is "akin to the common law cognovit procedures" and "confessions of judgment"); see also Cmty. Church of Ashburn v. Harbor View Contractors, No. 10-0121, 2010 WL 4284950, at *2 (D. Md. Oct. 28, 2010) (holding that the SCRA does not apply to "judgments by confession").

The decision in Fifth Third Bank v. Schoessler's Supply Room, 940 N.E.2d 608, 614 (Ohio Ct. App. 2010), is insightful. The court there, in concluding that Section 3931's protections are not meant to apply to cognovit judgments, noted that the intent of the SCRA "is to protect servicemembers from having judgments obtained against them[] because their military service prevents them from being available to appear in court." Id. at 614 (citing U.S. v. Kaufman, 453 F.2d 306, 308–09 (2d Cir. 1971) (stating that the SCRA's purpose "is to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves")); see also Taurus Leasing Corp. v. Chalaire, 400 So. 2d 303, 305 (La. App. 4th Cir. 1981) (concluding that the Act "is not intended to grant immunity to a mortgagor from liability, but rather to establish safeguards to protect members of the military during their absence").

Here, Plaintiffs do not contest the similarities between cognovit judgments and confession of judgment provisions; instead, they attempt to distinguish the above-referenced cases by arguing that the courts in those cases did not consider whether the cognovit judgments were valid to begin with. See Record Document 116 at 11; Record Document 120 at 11 n.4. In fact, Plaintiffs' primary argument in their briefs is that Defendants could not have legally used Louisiana's executory process method for the instant foreclosures because none of the mortgages contained a valid confession of judgment. See Record Document 121 at 16. Plaintiffs' arguments regarding this issue are discussed below in Section II.C., infra.

While the SCRA is meant to be interpreted liberally to protect servicemembers,[6] the Court declines to hold that its protections against default judgments somehow operate to invalidate legal foreclosures completed through Louisiana's executory process method, a procedure that does not require service thereon or an appearance by the servicemember-debtor. See La. C.C.P. arts. 2631 and 2640; see also Cmty. Church of Ashburn v. Harbor View Contractors, No. 10-0121, 2010 WL 4284950, at *2 n.5 (citing Arthur v. Gardner, 1942 WL 2541, at *1 (Pa. Com. Pl. 1941) (stating that Act does not require an affidavit for a judgment by confession because that is "not a default of any appearance by the defendant, but a default in payment")); Fifth Third Bank, 940 N.E.2d at 615 ("Because the applicable provisions of the SCRA are there to protect servicemembers whose obligations prohibit them from making an appearance and defending actions, it is clear that the protections are available only for default judgments

---

[6] Engstrom v. First Nat. Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995) (noting, however, that "although the act is to be liberally construed it is not to be used as a sword against persons with legitimate claims").

and not cognovit judgments."). Therefore, because Section 3931—the only door through which Plaintiffs' case can proceed—is not applicable to their claims, Plaintiffs' claims must be dismissed.

## C. Validity of the Confession of Judgment Provisions

In addition to their argument regarding Section 3931's applicability to Louisiana's executory process procedure, Plaintiffs assert their related contention that all of the confession of judgment provisions imported with their mortgage agreements were never valid in the first place. See Record Document 120 at 11. The corollary of this argument, according to Plaintiffs, is that because none of the Defendants had valid confessions of judgment, the only foreclosure method available to them was an ordinary lawsuit to which Section 3931's protections against default judgments would then apply, thereby forming the basis of their claims pursuant to that section. See Record Document 121 at 16. However, in relying on this argument, Plaintiffs effectively concede their initial argument discussed above that Section 3931 applies to Louisiana executory proceedings. See id. ("[Bank of America's] Memo argues that Section 3931 does not apply to proceedings enforcing confessions of judgments. Plaintiffs agree 100%, as long as there is a valid confession of judgment . . . .") (emphasis added).

Like their argument regarding Section 3931's applicability to Louisiana executory process proceedings, Plaintiffs' additional argument is also without merit. First, the sole basis on which Plaintiffs rely in arguing that Defendants lacked valid confessions of judgment is their theory that Section 3918 of the SCRA, which governs the process by which servicemembers can waive protections under the Act, somehow rendered the confession of judgment provisions invalid for failing to comply with that section's

requirements. See, e.g., Record Document 120 at 11 n.4. However, nowhere in their numerous opposition briefs filed with the Court do Plaintiffs cite to any authority, whether based on Louisiana law[7] or otherwise, providing that confession of judgment provisions (and/or cognovit judgments) are required to comply with any of the requirements listed in Section 3918, or that their failure to do so has the effect of rendering such provisions invalid.

Furthermore, because the Court has already concluded above that Section 3931 is not applicable to Louisiana executory process proceedings, Plaintiffs did not possess any "rights" under that section that they could have waived to begin with. See Pailet v. Ald, Inc., 194 So. 2d 420, 423 (La. App. 4th Cir. 1967). Therefore, Section 3918 was not implicated when Plaintiffs executed their mortgages importing the confession of judgment provisions and thus no waiver pursuant to that section was required in order to effectuate the foreclosures at issue.

## III. CONCLUSION

The Court finds that Plaintiffs in this case have failed to assert a legally cognizable claim under the SCRA. Therefore, based on the foregoing reasons, Defendants' Motions to Dismiss (Record Documents 85, 94, 95, 99, and 100) are **GRANTED** and all of Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.[8] Additionally, Bank of America's Motion to Strike (Record Document 96) is **DENIED AS MOOT**.

---

[7] The Court also notes that nowhere do Plaintiffs argue that the confessions of judgment in this case did not comply with Louisiana law.

[8] Because the Court concludes that Plaintiffs have failed to state a claim upon which relief may be granted, Plaintiffs' ancillary claims for declaratory and injunctive relief are likewise dismissed. See Record Document 84 at 29.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of March, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT